Jones, J.
(dissenting). I cannot agree with the disposition made by the majority and am obliged to dissent. In my analysis, while defendants may not appeal to our court as of right from the second order of the Appellate Division (that entered on June 16, 1977), an appeal would lie by permission of our court. I would grant such permission and proceed to a disposition of that appeal on the merits.
A skeletal recitation of the procedural history of this litigation is necessary to an understanding of the posture in which the case now reaches us. Plaintiff asserts that he created the literary character of "Amos Burke”, a millionaire detective in a chauffeured Rolls Royce, the central character in his origi *587 nal screenplay entitled, "Who Killed Julie Greer?”, and that defendants have misappropriated his literary property. At the first trial in January, 1972, at the close of defendants’ case, the trial court dismissed the claim for punitive damages and held that the claim for compensatory damages, although clearly established, would be limited to defendants’ actual profits from the misappropriation. The parties then stipulated that such profits would be $15,000, and on January 28, 1972 a judgment for plaintiff was entered accordingly in Supreme Court, New York County.
On cross appeals, the Appellate Division by order entered March 5, 1975 (the "first Appellate Division order”) modified on the law and on the facts and remanded the case for a new trial only on the issue of damages, both punitive and compensatory (47 AD2d 728). The remand was based on what the Appellate Division concluded was the erroneous limitation of plaintiff’s recovery to defendants’ profits and the related erroneous exclusion of opinion testimony as to the reasonable value to plaintiff of the literary character Amos Burke.
On the second trial in March and April, 1976, the trial court again dismissed the claim for punitive damages and the jury returned a verdict against all defendants for compensatory damages in the amount of $745,000. Judgment was entered in Supreme Court on April 26, 1976 with interest from June 25, 1967. On a postjudgment motion this judgment was amended on October 20, 1976 to direct that interest be computed from January 25, 1975.
Again there were cross appeals. By order entered June 16, 1977 (the "second Appellate Division order”) the Appellate Division modified[1] on the law and the facts and ordered a second new trial as to compensatory damages only unless plaintiff consented to a reduction of the verdict in his favor to $100,000 together with interest from June 25, 1967 and to entry of an amended judgment in accordance therewith, in which event the judgment, as so amended and reduced, was affirmed (58 AD2d 533). On June 30, 1977 plaintiff consented to this reduction and to the entry of the amended judgment. On the same date a third judgment for plaintiff was entered in Supreme Court in the reduced amount.
*588 Defendants thereafter took timely appeals as of right to our court, explicitly reciting in their notices of appeal that they were appealing both from the second order of the Appellate Division and from the subsequently entered third judgment of Supreme Court. The case is presently before us on these appeals.[2]
Examination of the notices of appeal and review of the briefs and oral argument disclose that the unmistakable intention of defendants is to seek our review, and hopefully our reversal, of the second order of the Appellate Division which, while reducing the amount of plaintiffs compensatory damages from the $745,000 figure fixed by the jury, nonetheless sustained a recovery in his favor of over $100,000. It is their argument that the award of damages must be set aside as wholly speculative, although they also deny any liability on an assertion of Federal pre-emption. The threshold question is whether the procedural means employed by them can serve to accomplish their objective; do they have an appeal as of right by means of which they can obtain our review of the second order of the Appellate Division?
In my analysis (quite aside from questions as to its "finality”, a subject shortly to be addressed) defendants have no appeal as of right from the second order of the Appellate Division (CPLR 5601). No such appeal lies under CPLR 5601 (subds [a] or [d]) because, while the order directed a modification in a respect which was both substantial and within the power of our court to review, defendants were not aggrieved thereby.[3] Nor are subdivisions (b) or (c) applicable. Accordingly, were the present appeals by defendants taken to review only the second order of the Appellate Division such appeals would have to be dismissed on the ground that no such appeal lies as of right. There is, however, as the majority observes, an added aspect to the present appeals — it may be taken (because of the contention that common-law liability is precluded by pre-emption of Federal copyright law) that defendants seek review of the first order of the Appellate Division as well. On *589 that basis, as the majority correctly concludes, the appeal, to the extent it seeks review of the first order of the Appellate Division, cannot be dismissed; an appeal does lie as of right. And with respect to such appeal, I, too, would affirm.
My difference with the majority is that in my analysis defendants’ appeals must be considered as seeking our review of both the first and the second orders of the Appellate Division. The attempted appeal from the second order of the Appellate Division should be recognized as discrete and separable, and inasmuch as there is no appeal as of right that appeal should be dismissed.
To treat the appeal as a single appeal, as does the majority, would necessarily bring up for review all issues raised and preserved by appellants, including their contentions as to error with respect to the second order of the Appellate Division which accordingly should be confronted and determined. Any question as to our authority to reach the merits of the second order surely turns on considerations of appealability, not reviewability. To interpret that portion of CPLR 5501 (subd [b]) which provides: "On an appeal pursuant to subdivision (d) of section fifty-six hundred one * * * only the non-final determination of the appellate division shall be reviewed” as limiting the scope of review to the ñrst nonfinal determination of the Appellate Division in unusual instances in which, as here, there are two nonfinal determinations of the Appellate Division is a distortion. The limitation of review, as I understand it, was intended only to exclude review of the final judgment entered in the court of original instance, here the Supreme Court judgment entered on June 30, 1977 (the formal predicate for the CPLR 5601, subd [d], appeal).
As indicated my preference would be to treat defendants’ notices of appeal as in effect having triggered two appeals— one from the first order of the Appellate Division, another from the second order of the Appellate Division. As to the former there should be an affirmance; as to the latter a dismissal.
I turn then to the question whether, following such a dismissal, an appeal would lie by permission from the second order of the Appellate Division, as to which the provisions of CPLR 5602 (subd [a], par 1) are determinative. At this point analytically the question of finality could be said to become relevant, not really to the ultimate outcome, but to the procedural path by which that outcome is to be reached. If the *590 second order of the Appellate Division is deemed to be "final” in consequence of plaintiff's consent to accept the reduced verdict (compare, for instance, cases in which a new trial is directed on the issue of damages only and the parties thereafter fix the amount of such damages by stipulation, e.g., Nardelli v Stamberg, 44 NY2d 500; cf. Jewish Reconstructionist Synagogue of North Shore v Incorporated Vil. of Roslyn Harbor, 40 NY2d 158), then permission may be granted to appeal from that order itself under CPLR 5602 (subd [a], par 1, cl [i]). If on the other hand the second order of the Appellate Division is classified as "nonfinal” (whatever the rationale for such classification), then permission may be granted to defendants under clause (ii) of paragraph 1. In that event the appeal would be from the final judgment of Supreme Court, i.e., the third judgment of Supreme Court entered June 30, 1977, thereby to bring up for review the "nonfinal” second order of the Appellate Division — an order made on a prior appeal (the second appeal) which necessarily affects the final Supreme Court judgment. On either categorization of the second order of the Appellate Division, an appeal would lie by permission.[4]
If it be taken, as I think is the case, that permission to appeal could be granted defendants so as to bring up the second order of the Appellate Division for review, I would note that on argument of the present appeal an oral motion was expressly made for such leave. Accordingly, confronted with the necessity to dismiss that portion of the appeals mistakenly taken as of right, I would forthwith grant leave to appeal and proceed on the present record, briefs and oral argument to a review of the second order of the Appellate Division on the merits. The dismissal of any portion of the present appeals without more would reopen the time for defendants to apply in the alternative for leave to appeal (CPLR 5514, subd [a]). If such an application were to be made and deemed timely, it does not appear that it would not be granted. That in turn *591 would produce a second appeal to be fully briefed and argued, in all material respects similar to the present appeal, to be calendared some months from now. Such an eventuality would be needlessly clumsy, inefficient and costly.
In sum, I cannot accept the position adopted by the majority that there is no procedural means by which our court may recognize (and give effect if it be so disposed) to defendants’ desire for a review of • the second order of the Appellate Division. Such a conclusion runs counter to the grant of appellate jurisdiction vested in our court by Constitution and statute in cases such as this.
Inasmuch, however, as there is to be no review of the second order of the Appellate Division, it would serve no purpose here to address the substantive issues which would be confronted on such an appeal.
Chief Judge Cooke and Judges Gabrielli, Wachtler and Fuchsberg concur in Per Curiam opinion; Judge Jones dissents and votes to dismiss in part the appeal taken as of right, grant defendants’ oral motions for leave to appeal and review on the merits the June 16, 1977 order of the Appellate Division in a separate opinion in which Judge Jasen concurs.
Judgment affirmed, with costs.

. While the order of the Appellate Division is denominated a "reversal”, in effect it is a modification; rejection of the claim for punitive damages was affirmed and a new trial was granted conditionally on the issue of compensatory damages only.

. Plaintiff also sought leave to cross appeal, but his motion was dismissed on December 19, 1977 (43 NY2d 825) and his motion for reargument was denied on February 10, 1978 (43 NY2d 950). We all agree that plaintiff as a nonappellant has no standing to seek reinstatement of the $745,000 verdict of the jury on the second trial.

. If in consequence of plaintiff’s consent to the reduction in compensatory damages the Appellate Division order were to be deemed an affirmance there would likewise be no appeal as of right under either subdivision (a) or (d) of CPLR 5601.

. Inasmuch as permission may be granted to defendants to appeal by one course or the other to obtain our review of the second order of the Appellate Division — which is the target for which they really seek review in our court — having in mind the somewhat esoteric character of the procedural maze through which this opinion seeks to show a way, no sufficiently useful additional purpose would be served here by making a subcategorial, precise determination whether permission to appeal is properly to be considered on the basis that the second Appellate Division order is final or on the basis that it is nonfinal. Those are the only two alternatives, and under either one or the other permission to appeal could be granted by our court.